<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ESTATE OF RONALD SCHICK, et al.,

                       Plaintiff,

v.

UNITED STATES OF AMERICA,

                       Defendant.

**Civil Action No. 15-cv-3248 (SRC)**

**OPINION**

<u>**CHESLER**</u>, District Judge

      This case comes before the Court upon the motion by Defendant the United States of America ("the Government") to dismiss the Amended Complaint of Plaintiff the Estate of Ronald Schick ("the Estate" or "Plaintiff") or, in the alternative, to grant summary judgment in favor of the Government. Plaintiff opposes the motions. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the reasons expressed in this Opinion, the Court will grant summary judgment in favor of the Government.

    **I.**    **BACKGROUND**

      In this case, the Government and the executor of a decedent's estate dispute who has priority over the estate's remaining assets. The parties agree to the following facts.

      On June 17, 2013, Ronald Schick ("Mr. Schick" or "the Decedent") entered into a divorce contract ("the Property Settlement Agreement") with his ex-wife, Nicole Boucher ("Ms. Boucher" or "Plaintiff"). In the Settlement Agreement, the parties established their respective ownership rights over an LLC that Mr. Schick founded, ILS:

1

> The parties acknowledge that the Husband has an interest in ILS, LLC. ("ILS"). The parties acknowledge that ILS was founded by the Husband during the parties' marriage. The parties further acknowledge that they have stipulated that the company is subject to equitable distribution, and the value of ILS is stipulated at $57,000.00 . . . In consideration for the terms of this Agreement, the Husband shall retain all rights, title and interest in ILS without claim from the Wife as Wife is receiving her equitable distribution share of fifty percent (50%) of Husband's ILS interest via equitable distribution, in the amount of $28,500.00.

[Docket Entry 6, Doc. 5, Pg. 1].

The Settlement Agreement also required Mr. Schick to maintain a life insurance policy for the benefit of Ms. Boucher and their children. It further provided, "In the event life insurance, as required pursuant to the terms of this Agreement, is not in effect on the date of the death of the party responsible for maintaining said insurance, the other party shall have a lien on the responsible party's estate in an amount equal to the unpaid insurance funds." [Id.].

Mr. Schick died on July 3, 2014. Mr. Schick had not maintained life insurance for his children and ex-wife as was required by the Property Settlement Agreement.

The Decedent's Estate is presently valued at $42,186. Its liabilities exceed that value. Specifically, Mr. Schick owes $176,472.17 in assessed federal income taxes for the tax year 2010. A Notice of Federal Tax Lien in that amount was filed on April 25, 2014. Mr. Schick's Estate estimates that it also owes approximately $24,104 in unassessed federal taxes for the tax year 2013, and approximately $168,000 for 2014.

On January 6, 2015, Plaintiff Ms. Boucher was appointed as the executor of Mr. Schick's Estate. On April 29, 2015, Plaintiff filed an Amended Complaint in New Jersey Superior Court, Bergen County. In the Amended Complaint, Plaintiff pleads four counts seeking: (1) "judgment directing that a constructive trust be established funded with the assets in the estate to fund decedent's obligation to provide insurance on his life in accordance with the terms of the

2

Property Settlement Agreement"; (2) "judgment directing that the estate pay to plaintiff her equitable distribution interest in EEX and ILS"; (3) "judgment that decedent's estate is insolvent and for the court to direct the payment of decedent's assets based on the priority of allowable claims as set forth in N.J.S.A. 3B:22-2"; and (4) "judgment authorizing the sale of decedent's interest in the property, with the net proceeds to be applied to pay the first mortgage held by Chase Bank, and the balance to pay the creditors of decedent's estate in order of priority as provided by N.J.S.A. 3B:22-2[.]"  [Docket Entry 1, Doc. 1, Pgs. 17-18].

The Government removed the action to this Court in May of 2015, asserting that the suit constituted an action against the Internal Revenue Service, and that it impermissibly aimed to limit the Government's property interest through a quiet title action.

On June 19, 2015, the Government moved to dismiss Plaintiff's Amended Complaint or, in the alternative, for summary judgment.  In support of its motion to dismiss, the Government argues that Plaintiff's suit effectively seeks to restrain the Government's ability to collect taxes owed, which is prohibited by federal law.  In support of its motion for summary judgment, the Government argues that Plaintiff is not entitled to a constructive trust over the Estate's assets, and that even if she were, the Government's claim would take priority over that constructive trust.  The Government further urges that Plaintiff's claims to the Estate's ILS, LLC property and 529 Plans are both subordinate to the Government's tax lien.  The State of New Jersey Division of Taxation joins in the Government's motions.

Plaintiff opposes the motions.  In response to the Government's motion to dismiss, Plaintiff urges that her suit was not brought to stop the Government from collecting taxes, nor is it an action to quiet title or to prevail as a creditor against the Estate.  With respect to the Government's summary judgment motion, Plaintiff contends that she and her children are, in

fact, entitled to a constructive trust that takes priority over the Estate's federal income tax obligations. Plaintiff argues that the Decedent was unjustly enriched by failing to purchase a life insurance policy as was required, and that a constructive trust is thus appropriate.

## II. DISCUSSION

### A. Legal Standard

The Court need not resolve the Government's claims that Plaintiff's case should be treated as an unlawful quiet title action or other impermissible suit. Instead, for reasons set forth below, the Court finds that the Government is entitled to summary judgment.

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court may not make credibility determinations or weigh the evidence. Anderson, 477 U.S. at 255.

The showing required to establish that there is no genuine issue of material fact depends on whether the moving party bears the burden of proof at trial. On claims for which the moving party does not bear the burden of proof at trial, the movant must point out to the district court "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. In contrast, "[w]hen the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the

4

essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S. Ct. 773 (2014). However, the party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

**B.  Count 1 of Plaintiff's Amended Complaint**

The Government contends that Plaintiff is an unsecured creditor whose rights are legally subordinate to the Government's. As set forth below, the Court agrees.

Count 1 of Plaintiff's Amended Complaint seeks a judgment that establishes a constructive trust in favor of Plaintiff and which directs the Estate's assets to fund Decedent's unfulfilled life insurance obligation. Summary judgment denying this request is appropriate for two reasons. First, the factual circumstances presented likely do not merit the creation of a constructive trust. Second, more importantly, even if a constructive trust were established, its claims to the Estate would remain subordinate to the Government's tax claims.

Under New Jersey law, a constructive trust is imposed to avoid unjust enrichment. D'Ippolito v. Castoro, 242 A.2d 617, 619 (N.J. 1968) ("Generally all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undue influence, or breach of a confidential relationship, which has resulted in a transfer of property."). The New Jersey Supreme Court has "caution[ed] courts generally that a constructive trust is a powerful tool to be used only when the equities of a given case clearly warrant it." Flanigan v. Munson, 818 A.2d 1275, 1283 (N.J. 2003). Here, Plaintiff points to the Decedent's failure to maintain life insurance as was contractually required. The Court doubts that a contractual breach and failure to make a purchase "clearly" rise to the kind of wrongful act and unjust enrichment alluded to by New Jersey's case law. The Settlement Agreement, moreover, already specifies what relief is warranted if a party does not have life insurance when they die. It says that in that event, "the other party shall have a lien on the responsible party's estate in an amount equal to the unpaid insurance funds." [Docket Entry 6, Doc. 5, Pg. 1]. This provision may have granted Plaintiff a contractual claim in that amount, but it likely did not grant her equitable rights beyond that. Because Plaintiff's contractual claim would not have arisen until the Decedent's death, moreover, it would post-date the tax obligations at issue.

Even if the Court were to accept that a constructive trust is appropriate under New Jersey law, the Government's tax interests against the Estate are superior to Plaintiff's. The Decedent's tax obligations create "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The parties agree that the Estate is liable for the taxes the Decedent owes, and the Government therefore has a tax lien upon the value of the Estate. Significantly, moreover, in circumstances involving an estate with more debts than assets, the Government's claims "shall be paid first[.]" 31 U.S.C. §

6

3713.  Here, there is no dispute that the Estate's liabilities exceed its remaining assets.  In other words, as Plaintiff readily acknowledges, the Estate is insolvent.  Pursuant to Section 3713, then, the Estate's debts to the Government must be paid before any other creditor is paid.

There are some exceptions to this principle, including those whose rights are recognized as superior to the Government's pursuant to the Federal Tax Lien Act.  See 26 U.S.C. § 6323(a) (holding that federal tax lien is invalid "as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" until a Notice of Federal Tax Lien has been filed); see also United States v. Estate of Romani, 523 U.S. 517, 524 (1998) ("[I]t is agreed that by the terms of § 6323(a), the Federal Government's liens are not valid as against the lien created by the earlier recording of [] judgment.").  Here, neither Plaintiff nor her children are a purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  The claims of Plaintiff and her children amount to a general lien created by the parties' Settlement Agreement contract.  Such claims do not fall under any category recognized by 26 U.S.C. § 6323(a).

Accordingly, the debts owed to Plaintiff and her children may only be satisfied after the Estate first satisfies its federal tax obligations.  The Court holds that Plaintiff's claims are secondary to the Government's tax liens, and the Court will accordingly grant the Government's motion for summary judgment on Count 1.

### C.  Count 2 of Plaintiff's Amended Complaint

In Count 2 of Plaintiff's Amended Complaint, Plaintiff seeks a judgment directing the Estate to pay her an equitable distribution in the interest of the Decedent's LLCs, "EEX and ILS."  For reasons discussed above, the Court concludes that Plaintiff's claims against the Estate -- even assuming their merit and validity -- are subordinate to the Government's tax liens.  See

31 U.S.C. § 3713. Accordingly, ILS proceeds must first go to satisfy the Decedent's tax debts before they may be used to satisfy any of Plaintiff's unsecured credits.

Plaintiff also argues that the Decedent's 529 plans, for which his children were the named beneficiaries, should not be considered part of his Estate. As the Government points out, however, the Decedent was the actual accountholder of those plans, making them his property irrespective of his children's contractual rights to those benefits. See, e.g., Taylor v. Taylor, No. 3:12-cv-0037 (LEK), 2013 WL 1183290, at *4 (N.D.N.Y. Mar. 21, 2013) ("[A]lthough 529 plans are treated as gifts for purposes of federal gift tax, the accounts remain the property of the account holder, who has full access to withdraw funds, change the account beneficiary, and so forth, and not the property of the beneficiary.") (citing In re Addison, 540 F.3d 805, 819-20 (8th Cir. 2008). Again, the Court accordingly finds Plaintiff's and her children's claims to this property subordinate to the Government's.

**D. Counts 3 and 4 of the Amended Complaint**

It appears to the Court that the Government's motion for summary judgment is substantively confined to Counts 1 and 2 of the Amended Complaint. The third and fourth counts seek a judgment that: declares the Estate insolvent, directs that assets be distributed based on State law, and authorizes the sale of Decedent's home. In the motions now before the Court, the parties do not appear to actively dispute or address the substance of these counts. Accordingly, the parties are directed to advise the Court in writing, within 10 days of this filing, (1) whether they dispute Counts 3 and 4, and (2) why the Court should not remand these counts to New Jersey Superior Court, Bergen County for disposition.

### E. The Government's Additional Request

The Government requests a judgment that its claim must be paid before any other creditor presently asserting a claim to the Decedent's Estate. The Court must deny that application. At this time, the record does not conclusively resolve the interests of other creditors, and the Court therefore cannot hold that no creditor falls within the scope of the Federal Tax Lien Act. A judgment governing the entire world of the Estate's creditors would be premature.

### III. CONCLUSION

For the reasons above, the Court finds the Government entitled to summary judgment on Counts 1 and 2 of Plaintiff's Amended Complaint. An appropriate Order will be filed.

                                                  s/ Stanley R. Chesler
                                                STANLEY R. CHESLER
                                           United States District Judge

Dated: August 26, 2015